# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JOE EARL COLE #173953                                                 PETITIONER

VERSUS                                     CIVIL ACTION NO. 3:18-cv-770-CWR-MTP

PATRICIA HALL and
ATTORNEY GENERAL OF MISSISSIPPI                          RESPONDENTS

## ORDER

THIS MATTER is before the Court on Petitioner's Motion to Allow "Affidavit" Into the Court's Record [19], Motion to Allow the "Expert's" Opinions, Affidavits, and Exhibits into the Court's Record [20], Motion for Relief and Ineffective Assistance of Counsel [21], Motion for Relief from Conviction and Sentence or Leave to Proceed to Trial Court [22], and Motion to Amend/Correct [32].

**Motion [19]**

In his Motion [19], Petitioner requests that the Court allow the affidavit of Valery Freese to be entered into the record. Respondent submits that the affidavit Petitioner references was included in the record of Petitioner's appeal to the Mississippi Supreme Court and was included in the record filed by Respondent in this matter. *See* R. [26-7] at 14-15. As the affidavit is already in the record before this Court, Petitioner's Motion to Allow "Affidavit" Into the Court's Record [19] should be denied as moot.

**Motion [20]**

In his Motion [20], Petitioner requests that the Court allow material produced by Veldon Reedy to be included in the record. Respondent submits that the documents Petitioner references were included in Petitioner's appeal to the Mississippi Supreme Court and have also been filed of record by Respondent in this matter. *See* R. [26-7]. As these materials produced by Veldon

Reedy are already in the record before this Court, Petitioner's Motion [20] should be denied as moot.

**Motion [21]**

In his Motion [21], Petitioner requests that the Court enter a letter into the record written by him addressed to the Mississippi Supreme Court Clerk, Kathy Gillis. The record filed by Respondent contains this letter. *See* R. [26-7] at 1. Petitioner's request regarding the letter is moot.

Petitioner also moves this Court for "a Motion of Relief of Ineffective Assistance of Counsel," which this Court construes as a claim of ineffective assistance of counsel. *See* Mot. [21]. This issue is already raised in the Petition for *habeas corpus*. Pet. [1] at 8. As the matter is not fully briefed, any relief related to ineffective assistance of counsel should be denied without prejudice as premature.

**Motion [22]**

In his Motion [22], Petitioner requests "Motion for; Relief and/or Leave From; 'Conviction and Sentence,' to proceed to Trial Court." Petitioner references Mississippi Code Annotated § 99-39-1, and the Court understands this as a motion for relief under that statute. Mot. [22]. Mississippi Code Annotated § 99-39-1 governs post-conviction relief for convictions under Mississippi state law. "Federal habeas relief cannot be had 'absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Therefore, Petitioner's claims relating to Mississippi Code Annotated § 99-39-1 are not appropriate in this *habeas* action because they exclusively concern a matter of state law. The Motion [22] should be denied.

**Motion [32]**

Petitioner further moves this Court to amend his Petition to change the name of Respondent from "Patricia E. Hall" to "Pelicia E. Hall." Mot. [32]. The name change of Respondent is proper, and the Motion [32] should be granted.

IT IS, THEREFORE, ORDERED that:

1. Petitioner's Motion [19] to Allow Affidavit is DENIED.

2. Petitioner's Motion [20] to Allow Expert Material is DENIED.

3. Petitioner's Motion [21] for Relief of Ineffective Assistance of Counsel is DENIED.

4. Petitioner's Motion [22] to Proceed to Trial Court is DENIED.

5. Petitioner's Motion [32] to Amend is GRANTED. The Clerk of Court is directed to substitute Pelicia E. Hall as Respondent.

SO ORDERED, this the 23rd day of January, 2019.

                                          s/Michael T. Parker
                                          United States Magistrate Judge