**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

JOE EARL COLE #173953                                                                PETITIONER

VERSUS                                              CIVIL ACTION NO. 3:18-cv-770-CWR-MTP

PATRICIA HALL and
ATTORNEY GENERAL OF MISSISSIPPI                               RESPONDENTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Joe Earl Cole for Writ of Habeas Corpus [2] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [25] pursuant to 28 U.S.C. § 2244(d).[1] Having considered the parties submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [25] be granted and the Petition [2] be dismissed with prejudice.

## BACKGROUND

On February 22, 2012, Petitioner was convicted of one count of sexual battery and three counts of gratification of lust in the Circuit Court of Rankin County, Mississippi. Mot. [25], Ex. B. On February 23, 2012, the circuit court sentenced Petitioner to twenty years for sexual battery and fifteen years for each gratification of lust conviction. Mot. [25], Ex. C. The three gratification of lust sentences were to run concurrently, but consecutively to the sentence for sexual battery. *Id*. The last ten years of the gratification of lust convictions were suspended by the trial court and Petitioner was also sentenced to supervised probation. *Id*.

---

[1] Petitioner has several other pending motions: Motion [42] to Ask Court for Relief from Sentencing; Motion [48] to Dismiss Respondent's Motion [25] to Dismiss; Motion [73] to Compel; Motion [86] to Expand the Record; and Motion [87] for Discovery. The undersigned recommends that the Petition [2] be dismissed and these remaining motions be denied.

1

In 2013, the conviction was affirmed by the Mississippi Supreme Court. *Cole v. State*, 126 So. 3d 880 (Miss. 2013). Petitioner then applied to the United State Supreme Court for a writ of *certiorari*, which was denied on April 21, 2014. *Cole v. Mississippi*, 572 U.S. 1062 (2014).

Petitioner, with the aid of counsel, then filed a Petition for Post-Conviction Relief ("PCR") with the Mississippi Supreme Court on April 21, 2017.[2] Mississippi Supreme Court Cause No. 2017-M-00550. The PCR was dismissed because the Mississippi Supreme Court found that the petition was untimely and no exception to the time bar applied. *Id*. The Mississippi Supreme Court also held that Petitioner's claim for ineffective assistance of counsel did not meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and that the remaining claims could have been raised at trial or on direct appeal. *Id*.

Petitioner filed the instant Petition [2] on October 26, 2018. Petitioner states that he is trying to get the "time bar reversed" so he can proceed with his PCR at the Mississippi Supreme Court. Pet. [2] at 5. Petitioner has filed multiple voluminous pleadings that incorporate his current Petition along with submissions to other courts, but the Court understands them to contain four basic arguments. First, it is Petitioner's position that he was not aware of the status of his PCR and its dismissal because he is incarcerated and does not have access to the internet, and the Mississippi Supreme Court opinions are published on the internet. *Id*. Petitioner claims he was delayed in receiving a ruling on his PCR and the "time bar" should not apply to him.

---

[2] In his PCR before the Mississippi Supreme Court, Petitioner argued that there was new evidence that could not have been discovered at trial that would have led to a different result. Mississippi Supreme Court Cause No. 2017-M-00550. Along with the PCR, Petitioner submitted an affidavit of Veldon Reedy, a clinical social worker, who stated the investigation in Petitioner's case did not follow the recognized standard and procedure for child sex abuse cases. The PCR argued that Petitioner was convicted primarily on the allegations of his grandchildren and that their statements were not properly elicited and that he should have put forward an expert at trial to challenge the veracity of the children's statements.

2

Second, Petitioner asserts that his attorney was ineffective in handling his PCR and that his trial counsel was also ineffective. *Id*. at 6. Third, Petitioner requests that the "new evidence" about his case be considered. *Id*. at 8. Fourth, Petitioner claims there were "conspiracy elements" about how his case was handled during the investigation and at trial. *Id*. at 9. In the Motion [25] to Dismiss, Respondent argues that the Petition is untimely and should be dismissed.

## ANALYSIS

Respondent submits that the Petition is untimely under 28 U.S.C. § 2244(d) because it was filed more than a year after Petitioner's conviction became final. 28 U.S.C. § 2244(d) provides:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petitioner must file the petition within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *Id*.

The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

The record reflects that Petitioner's conviction became final on April 21, 2014 when the United States Supreme Court denied *certiorari*. The statue of limitations for federal habeas relief began to run on that day and Petitioner was required to file his petition by April 21, 2015, unless he was entitled to statutory or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his Petition [2] on October 26, 2018, over four years after his conviction became final.

***Statutory Tolling***

The one-year limitation period may be tolled if within that year a "properly filed application for State post-conviction or collateral review" remains pending. 28 U.S.C. § 2244(d)(2). As previously stated, Petitioner filed his PCR motion with the Mississippi Supreme Court on April 21, 2017— three years after his conviction was final. Consequently, the PCR motion did not toll the limitation period in which to file a petition under the statutory framework. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired). Therefore, statutory tolling under § 2244(d) does not apply in this instance.

*Equitable Tolling*

There is another exception to the one-year limitation: equitable tolling. To establish equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). Equitable tolling only applies in rare and exceptional circumstances. *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013).

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citation omitted). A "garden variety claim of excusable neglect, such as simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52. Petitioner's assertion that this attorney did not file the PCR on time does not qualify as an extraordinary circumstance for purposes of equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (Holding that an "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.")[3]

Moreover, Respondents point out that Petitioner did not expediently file his federal habeas petition after receiving notice that his PCR had been dismissed by the Mississippi

---

[3] The PCR filed by Petitioner's counsel asserts that he was unable to obtain video interviews of the victims that were held by the District Attorney's office and that the extensive efforts made to obtain these videos caused him a delay in filing the PCR. Pet. [2] at 29. The Mississippi Supreme Court held, however, that no exception existed to excuse the late filing of the PCR. Mot. [25], Ex. F. Moreover, the requested videos do not change the analysis of this matter. As discussed under Petitioner's claim of actual innocence, Petitioner has not shown that an expert opinion was not reasonably discoverable at trial, nor has he shown that no reasonable jury would have found him guilty beyond a reasonable doubt. Therefore, any alleged withholding of the videos does not change the outcome of this habeas petition.

Supreme Court. The PCR was denied on July 19, 2017. Mot. 25, Ex. F; Mississippi Supreme Court Cause No. 2017-M-00550. Petitioner asserts that he received notice of this dismissal in November of 2017. Pet. [2] at 5. Yet, he did not file the instant Petition until October of 2018, almost a year after he was informed that his PCR was dismissed. Pet. [2]. "Equity is not intended for those who sleep on their rights." *Breeden v. Byrd*, 2015 WL 13744234, at *3 (S.D. Miss. Nov. 6, 2015) (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)).

Petitioner has failed to demonstrate that he was prevented in some extraordinary way from asserting his rights and nothing in the record indicates the presence of rare and exceptional circumstances warranting equitable tolling.

Actual Innocence

Petitioner also argues that new evidence may show that he is actually innocent. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar… or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Successful claims of actual innocence on habeas review are rare. *Id*. A habeas action is not a retrial, and Petitioner enjoys no presumption of innocence. In fact, actual innocence claims "'come . . . before the habeas court with a strong—and in the vast majority of the cases conclusive—presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326 (1995)). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

Petitioner submits an affidavit of Veldon Reedy, a clinical social worker, that seeks to undermine the credibility of the investigation and of the victim's statements.[4] *See* Pet. [2] at 37-43. While Petitioner did not retain an expert to examine the victims, that does not mean such an opinion was impossible to obtain before trial, nor has Petitioner shown that no reasonable jury would have found him guilty based upon the assertions in the affidavit and the existing record. Moreover, the affidavit does not constitute "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" as required to support a credible claim of actual innocence. *Schlup*, 513 U.S. at 325. This argument is without merit and Petitioner is not entitled to equitable tolling based on a claim of actual innocence.

*Evidentiary Hearing*

Petitioner further submits that he is entitled to discovery and an evidentiary hearing to develop the arguments offered in his Petition. *See* Mot. [73], [86], [87]. The merits of the Petition cannot be reached because it is time barred. Even assuming, however, that the Petition is not time barred, Petitioner has not met the standard to have an evidentiary hearing or conduct discovery.

A habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). 28 U.S.C. § 2254(e)(2) governs evidentiary hearings in habeas matters and states:

> **(2)** If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> **(A)** the claim relies on—

---

[4] Among Petitioner's many submissions is a detailed statement of what Petitioner believes to be inconsistencies in the evidence used to convict him. Doc. [35]. This is not new evidence and this Court does not reweigh the evidence presented at trial. *Richardson v. LeBlanc*, 171 F. Supp. 2d 626, 630 (E.D. La. 2001) (stating that courts "may not try the issues in the petitioner's state criminal case *de novo*, reweigh the evidence, or substitute its own judgment for that of the trier or fact.")

> **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The four main arguments raised in the Petition [2] do not invoke a new rule of constitutional law that has been made retroactive on collateral review. 28 U.S.C. § 2254(e)(2)(a)(i). Nor does Petitioner rely upon a factual predicate that could not have been previously discovered through due diligence. 28 U.S.C. § 2254(e)(2)(a)(ii). Moreover, Petitioner is time barred under 28 U.S.C. § 2244(d), and he has not shown how an evidentiary hearing would demonstrate that he is actually innocent or entitled to equitable tolling.

While Petitioner has vigorously argued his Petition, he has not explained how an evidentiary hearing would bring forth facts that could not have been discovered previously and which show that no reasonable factfinder would have found him guilty. For example, Petitioner asserts that the "true facts" are not in the record. Mot. [86] at 4.[5] This is a broad assertion, and a petitioner's claim that his requested discovery *may* contain relevant information is not sufficient justification. *Fraise v. Bingham*, 2012 WL 2953691, at *8 (S.D. Miss. July 19, 2012). The Fifth

---

[5] Petitioner makes other representations as to why an evidentiary hearing is warranted but the gist of his pleadings is that he wants another chance to cross-examine the witnesses who testified at trial and undermine the testimony in the record. *See* Mot. [87]. "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Robinson v. Shaw*, 2017 WL 1078650, at *7 (S.D. Miss. Jan. 27, 2017) (citing *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011)).

Circuit has "repeatedly found that a paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claims…." *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000). Because the elements of 28 U.S.C. § 2254(e)(2) are not satisfied, an evidentiary hearing is not necessary in this matter and Petitioner's Motion to Compel [73],[6] Motion [86] to Expand the Record, and Motion [87] for Discovery should be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

1. Respondent's Motion [25] to Dismiss be GRANTED.
2. The Petition [2] be DISMISSED with prejudice.
3. Petitioner's Motion [42] for Relief from Sentencing be DENIED.
4. Petitioner's Motion [48] to Dismiss be DENIED.
5. Petitioner's Motion [73] to Compel be DENIED.
6. Petitioner's Motion [86] to Expand the Record be DENIED.
7. Petitioner's Motion [87] for Discovery be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written

---

[6] Petitioner appears to request leave to subpoena his ex-wife to answer written discovery and testify at an evidentiary hearing. As previously discussed, Petitioner has not demonstrated that discovery or an evidentiary hearing are warranted in this case.

9

objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 1st day of July, 2019.

/s/ Michael T. Parker
United States Magistrate Judge